IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

CHRISTINA GILLASPIE,                )
                                    )
            Plaintiff,              )      No. 2:21-cv-01935-DCN-MHC
                                    )
      vs.                           )      **ORDER**
                                    )
UNITED STATES OF AMERICA,           )
DEPARTMENT OF NAVY,                 )
SPECIAL AGENT DOYLE MULLIS,         )
SPECIAL AGENT ANTHONY               )
LUCKMAN,                            )
                                    )
            Defendants.             )
_____ )

This matter is before the court on Magistrate Judge Molly H. Cherry's report and recommendation ("R&R"), ECF No. 32, that the court grant defendants United States of America (the "United States"), Department of Navy (the "Navy"), Special Agent Doyle Mullis ("Mullis") and Special Agent Anthony Luckman's ("Luckman") (collectively, "defendants") two motions: (1) motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 16, and (2) joint motion to drop parties, ECF No. 26. For the reasons set forth below, the court affirms the R&R and grants the motion to dismiss for failure to state a claim.

## I.  BACKGROUND

The R&R ably recites the facts of the case, and the parties do not object to the R&R's recitation thereof. Therefore, the court will only briefly summarize material facts as they appear in the R&R for the purpose of aiding an understanding of the court's legal analysis.

1

Gillaspie alleges that she was employed by the Space and Naval Warfare Systems Command ("SPAWAR")[1] from September 18, 2006, until November 1, 2019, when she was terminated. Allegedly, in March 2015, Gillaspie's former coworker Ryan Gunst falsely reported to the SPAWAR Inspector General's Office and Office of General Counsel that Gillaspie had a conflict of interest and misappropriated funds to her husband's company, Sotera. Gunst based this allegation off of issues with Gillaspie's OGE 450 forms (a confidential document submitted by government employees disclosing financial interest in private companies), and a withdrawn contract modification request package for Sotera in the amount of $10,000.

Prior to Gunst's 2015 allegations, in around May 2014, Gillaspie had discovered her inadvertent failure to list her husband's employment with Sotera in the non-investment income section of the OGE 450, though she had included Sotera in the investment income section (with regards to his 401k). Once she realized her mistake, Gillaspie immediately attempted to correct it. The appropriate authorities at SPAWAR reassured her that the error did not need to be immediately corrected. Nevertheless, Gillaspie informed her supervisor at the time and the SPAWAR Office of General Counsel of the error.[2] Despite this communication by Gillaspie, when Gunst made his

---

[1] SPAWAR has changed its name to Naval Information Warfare Center ("NIWC"). ECF No. 22. For the purposes of continuity, the court is using SPAWAR in this order.

[2] No evidence in the record indicates that Gunst knew Gillaspie had self-reported the omission of Sotera to the appropriate authorities at SPAWAR. Rather, Gillaspie alleges she informed her supervisor at the time (Kevin Holcomb) and the SPAWAR Office of General Counsel. Compl. ¶ 10. Gillaspie pleads no facts that suggest Gunst knew that she had appropriately self-reported. Nevertheless, Gillaspie alleges Gunst made the accusation to the SPAWAR Inspector General's Office in retaliation for Gillaspie's separate EEO claim she had filed against him.

accusation to that same office the following year, SPAWAR referred the allegation to the Naval Criminal Investigative Service ("NCIS") without performing any investigation of its own.  NCIS began its investigation around October 2015 and investigated jointly with the Department of Defense Criminal Investigative Service ("DCIS").

On January 18, 2017, Luckman of NCIS sought a warrant from a United States Air Force judge to search and seize evidence at Gillaspie's workplace for the alleged criminal conflict of interest.  Luckman presented and swore to an affidavit in support of that warrant.  According to Gillaspie, the affidavit failed on its face to establish probable cause for the alleged violation of 18 U.S.C. § 208 (criminal conflict of interest) or of 18 U.S.C. § 1001 (material false statement).  Nevertheless, the Air Force judge signed the warrant and, later that day, six federal agents descended upon Gillaspie's workplace at SPAWAR, detained her, and executed the search warrant.  Gillaspie alleges she was humiliated in front of all of her coworkers.  Shortly thereafter, the NCIS/DCIS affidavit was presented as support to suspend Gillaspie from all of her local security accesses on February 6, 2017.

SPAWAR formally suspended Gillaspie's local security accesses on February 21, 2017, ultimately resulting in her indefinite suspension without pay pending favorable security clearance from the Department of Defense Consolidated Adjudications Facility ("DoD CAF").  Gillaspie alleges that for such a security clearance adjudication to occur, SPAWAR was required to report the suspension and provide sufficient details to support adjudicative review within ten working days.  She alleges SPAWAR did not send the Security Access Eligibility Report ("SAER") or details sufficient to support adjudication within the proscribed time frame.

3

Further, an Assistant United States Attorney ("AUSA") declined to prosecute the case in July 2018, allegedly due to a lack of evidence. When agents appealed that decision, the United States Attorney also declined the case, as did the Department of Justice, Criminal Division, Public Integrity Section. Gillaspie alleges that NCIS and DCIS unjustifiably and improperly kept the criminal investigation open until at least the date this complaint was filed. Further, SPAWAR continued to justify its refusal to send the necessary documentation to DoD CAF so that the adjudication process could begin. This delay, and the failures to follow proper procedure set by the Navy and DoD regulations regarding the security adjudication process, placed Gillaspie "out of jurisdiction" regarding DoD CAF. ECF No. 1, Compl. ¶ 26. Consequently, once Gillaspie was terminated in November 2019, it was practically impossible for her to obtain the security clearance necessary for her chosen field of employment.

Gillaspie filed the instant action on June 28, 2021. ECF No. 1, Compl. In her complaint, Gillaspie asserts claims under the Federal Torts Claims Act ("FTCA") for malicious prosecution, outrage, and intrusion against USA and Navy. Compl. at 10–12. Gillaspie also set forth a claim against the same defendants under the Administrative Procedure Act ("APA") seeking the process she was allegedly denied regarding her security clearance. Id. at 13–14. Finally, Gillaspie included a civil rights claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), against Luckman and Mullis. Id. at 12–13. Defendants filed a motion to dismiss on November 18, 2021, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 16. Gillaspie responded in opposition to the motion to dismiss on January 6, 2022. ECF No. 22. Defendants then filed a reply on February 8,

2022, ECF No. 27, to which Gillaspie filed a sur-reply with leave of the court on March

29, 2022, ECF No. 31.  The parties also filed a joint motion to drop parties on February 8,

2022, in which the parties jointly move "to drop Special Agents Anthony Luckman and

Doyle Mullis as defendants in this matter," pursuant to Rule 21 of the Federal Rules of

Civil Procedure.  ECF No. 26.

All pretrial proceedings in this case were referred to Magistrate Judge Cherry

pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule

73.02(b)(2) (D.S.C.).  The Magistrate Judge filed the R&R on June 7, 2022.  ECF No. 32.

Gillaspie filed objections to the R&R on June 20, 2022.  ECF No. 35.  Defendants

responded to Gillaspie's objections on June 30, 2022, ECF No. 36, and Gillaspie replied

to their response on July 12, 2022, ECF No. 39.  Defendants did not object to the R&R

and the time to do so has since expired.  As such, the matters are now ripe for the court's

review.

## II.  STANDARD

### A.  Order on R&R

This court is charged with conducting a <u>de novo</u> review of any portion of the

Magistrate Judge's R&R to which specific, written objections are made.  28 U.S.C.

§ 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of

the Magistrate Judge.  See <u>Thomas v. Arn</u>, 474 U.S. 140, 149–50 (1985).  The

recommendation of the Magistrate Judge carries no presumptive weight, and the

responsibility to make a final determination rests with this court.  <u>Mathews v. Weber</u>, 423

U.S. 261, 270–71 (1976).  The court may "accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge . . . or recommit the

matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  The court is

charged with making a de novo determination of any portion of the R&R to which a

specific objection is made.  Id.  However, in the absence of a timely filed, specific

objection, the court reviews the R&R only for clear error.  Diamond v. Colonial Life &

Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

Furthermore, "[a] party's general objections are not sufficient to challenge a

magistrate judge's findings."  Greene v. Quest Diagnostics Clinical Labs., Inc., 455 F.

Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted).  When a party's objections are

directed to strictly legal issues "and no factual issues are challenged, de novo review of

the record may be dispensed with."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)

(citation omitted).  Analogously, de novo review is unnecessary when a party makes

general and conclusory objections without directing a court's attention to a specific error

in a magistrate judge's proposed findings.  Id.

### B.  Rule 12(b)(1)

Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the

pleading fails to state facts upon which jurisdiction can be founded.  It is the petitioner's

burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere

evidence on the issue, and may consider evidence outside the pleadings without

converting the proceeding to one for summary judgment."  Richmond, Fredericksburg &

Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider

undisputed facts and any jurisdictional facts that it determines.  The court may dismiss a

case for lack of subject matter jurisdiction on any of the following bases: "(1) the [the

pleading] alone; (2) the [pleading] supplemented by undisputed facts evidenced in the

record; or (3) the [pleading] supplemented by undisputed facts plus the court's resolution

of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting

Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

### C.  Rule 12(b)(6)

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be

granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588

F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v.

Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . .

does not resolve contests surrounding the facts, the merits of a claim, or the applicability

of defenses."). To be legally sufficient, a pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the

plaintiff can prove no set of facts that would support his claim and would entitle him to

relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When

considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations

as true and should view the complaint in a light most favorable to the plaintiff.

Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir.1999); Mylan Labs., 7 F.3d at 1134. "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.  DISCUSSION

The Magistrate Judge recommended the court dismiss Gillaspie's APA claim, outrage claim, Bivens claim, and intrusion claim—all to which neither party objects. This court now reviews those conclusions for clear error.  Gillaspie only objects to the portions of the R&R relating to the malicious prosecution and abuse of process claims— she did not object to the APA procedural due process and outrage claims' dismissal.  ECF No. 35 at 1 n.1.  Additionally, in her response opposing the motion to dismiss, Gillaspie stated she intended to voluntarily dismiss the Bivens claim and the intrusion claim.  ECF No. 22 at 6 n.4.  Further, the parties filed the joint motion to drop parties, seeking dismissal of Mullis and Luckman from this action, which the R&R recommended dismissing.  R&R at 7–8.

Neither Gillaspie nor defendants object to the R&R's conclusion that the APA claim should be dismissed as moot.  Even if not moot, it violates the rule against claim splitting and, therefore, should be dismissed for that reason.  R&R at 8–19.  In the absence of any objections to the R&R from either party, the court reviews for clear error. Finding no clear error, the court affirms the Magistrate Judge's findings and grants defendants' motion to dismiss as to the procedural due process claim, outrage claim, Bivens claim, and intrusion claim.  The court also dismisses all claims against Mullis and Luckman.

Gillaspie, however, does object to the R&R's conclusions regarding her failure to state a claim sufficient to meet the requirements for malicious prosecution and abuse of

8

process.  ECF No. 35.  Further, she objects to the Magistrate Judge's interpretation that

the abuse of process claim is also barred by the statute of limitations.  Id. at 8–9.  The

court is charged with making a de novo determination of any portion of the R&R to

which a specific objection is made.  28 U.S.C. § 636(b)(1).

### A.  Failure to State a Claim

Gillaspie objects to the Magistrate Judge's recommendation that both her

malicious prosecution and abuse of process claims fail to state a claim and should be

dismissed.  ECF No. 35 at 1.  As explained above, when considering a Rule 12(b)(6)

motion, the court should accept all well-pleaded allegations as true and should view the

complaint in the light most favorable to Gillaspie.  See Ostrzenski, 177 F.3d at 251;

Mylan Labs., 7 F.3d at 1134.  The court reviews this determination de novo and affirms

the R&R's finding that Gillaspie has failed to state a claim as to malicious prosecution

and abuse of process.  Consequently, this court grants defendants' motion to dismiss as to

those two claims.

### 1.  Malicious Prosecution

Gillaspie primarily objects to the R&R's interpretation that for a plaintiff to bring

a valid malicious prosecution action, judicial proceedings must be initiated against a

plaintiff, meaning the plaintiff must be charged with a crime.  ECF No. 35 at 2; Elletson

v. Dixie Home Stores, 99 S.E.2d 384, 386 (S.C. 1957).  The elements of a cause of action

for malicious prosecution are: (1) the institution or continuation of original judicial

proceedings; (2) its legal causation by present defendant; (3) its termination in favor of

present plaintiff; (4) absence of probable cause for such proceedings; (5) presence of

malice therein; and (6) damage to plaintiff by reason thereof.  Pallares v. Seinar, 756

S.E.2d 128, 131 (S.C. 2014).  An action for malicious prosecution fails if the plaintiff

cannot prove each of the required elements by a preponderance of the evidence, including

malice and lack of probable cause.  Law v. S.C. Dep't of Corrs., 629 S.E.2d 642, 648

(S.C. 2006).

Gillaspie objects to the fact that the R&R did not address any of the cases where a

court found a search warrant was sufficient to establish the element requiring the

institution or continuation of original judicial proceedings.  See ECF No. 35 at 2–3.  In

response, defendants point to Clemmons v. Nicholson, 185 S.E. 34, 36 (S.C. 1936),

indicating that the Supreme Court of South Carolina has found that criminal proceedings

may be commenced at the earliest when an arrest warrant is authorized.  ECF No. 36 at 2.

Moreover, defendants stress that the Fourth Circuit has continued to uphold Clemmons as

controlling authority.  Id.; see Barber v. Whirlpool Corp., 34 F.3d 1268, 1277 (4th Cir.

1994).

However, even if Gillaspie's objection were sustained and the court were to find

that a prosecution was commenced against Gillaspie, defendants argue that their motion

to dismiss should nevertheless be granted for three additional reasons: (1) Gillaspie was

never prosecuted and consequently no prosecution was ever terminated in her favor; (2)

the only conceivable proceedings pertaining to a search warrant conclude when the

warrant is executed, and since the warrant was executed two years prior to the submission

of the administrative claim, this claim is barred by the statute of limitations; and (3) an

analogous case was recently decided by this court that found the search warrant at issue

was supported by legitimate—albeit disputed—allegations of misconduct, meaning

malicious prosecution was not the underlying cause.  See ECF No. 36 at 4–5 (citing

Gillaspie v. Del Toro ("Gillaspie III"), 2022 WL 909386, at *13 (D.S.C. Mar. 29,

2022)).[3]  With regards to the third argument, defendants encourage this court to take

judicial notice of its own opinion in ruling on a motion to dismiss, which is especially

appropriate when all the parties involved are identical—specifically, defendants assert

that issue preclusion now prevents Gillaspie from contesting this court's conclusion that

the search warrant had a legitimate basis (i.e., was supported by probable cause).  See id.

at 5.

    Gillaspie objects to defendants' response, specifically rejecting the assertion that

Gillaspie III has any bearing on the issues in the instant case.  ECF No. 39 at 2.  In

particular, Gillaspie differentiates that case from the instant case by noting this court

made its ruling without determining whether the warrant lacked probable cause, the court

restricted its ruling with respect to the employer retaliation claim based on the evidence

before it, and the court found the execution of the warrant was proper without

considering the motive underlying it.  Id.

    This court revisits the debate over the malicious prosecution claim de novo.

Specifically, the court evaluates Gillaspie's allegation that a search warrant was sufficient

to establish the required element showing the initiation of judicial proceedings.  ECF No.

---

[3] Prior to this case, Gillaspie filed three suits based on related facts: (1) Gillaspie v. Spencer ("Gillaspie I"), No. 2:18-cv-446-DCN-BM (D.S.C.) (ECF No. 11) (dismissing the action voluntarily before the court could rule on the defendant's motion to dismiss); (2) Gillaspie v. Spencer ("Gillaspie II"), No. 2:18-CV-2207-DCN-MGB (D.S.C.) (ECF No. 73) (dismissing the complaint for failure to plead allegations that support a cause of action for procedural violations in her complaint); and (3) Gillaspie v. Spencer ("Gillaspie III"), No. 2:19-cv-453-DCN (D.S.C.) (ECF No. 103) (dismissing the complaint for claim preclusion due to Gillaspie II).  Those suits were brought against the Secretary of the Navy under Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the Rehabilitation Act.

35 at 2–3; Compl. ¶ 29.  Under South Carolina law, "[i]n order to sustain an action for

malicious prosecution, once must first be charged with the commission of a crime and

exonerated."  Elletson, 99 S.E.2d at 386; see also Eaves v. Broad River Elec. Co-op., 289

S.E.2d 414, 415 (S.C. 1982); S. Holdings, Inc. v. Horry Cnty., 2005 WL 8144891, at *15

(D.S.C. July 14, 2005).  Clemmons further held that an action for malicious prosecution

requires that there be an arrest, or at least a constructive arrest, underlying the claim.

Clemmons, 185 S.E. at 35; Barber, 34 F. 3d at 1277 (finding arrest warrants, even those

that were eventually dismissed, meet the requirement there be a commencement of a

proceeding).

In her objection, Gillaspie primarily cites to persuasive case law outside of the

state, district, and circuit in support of her argument that a search warrant meets this

requirement.  See, e.g., Quantalab Techs. Ltd. v. Godlevsky, No. 09-cv-04039 (S.D. Tex.

July 3, 2012) (ECF No. 23-6 at 5–6); Turngren v. King County, 705 P.2d 258, 264–65

(Wash. 1985); Olsen v. Haggerty, 124 P. 145, 147 (Wash. 1912).[4]  The most relevant

case Gillaspie cites is Willis v. Knox, 5 S.C. 474 (1875), which has not been revived or

extended in the 147 years since it was decided.[5]  Instead, South Carolina case law

indicates that the lowest threshold to meet the standard for a commencement of a

proceeding is an arrest warrant.  See, e.g., Barber, 34 F. 3d at 1277.  Thus, a search

warrant does not satisfy the requirement that a plaintiff show by a preponderance of the

evidence that she was charged with the commission of a crime.  The court declines to

---

[4] Rather, Gillaspie's objections to the R&R admits that "no South Carolina case
has specifically stated that a search warrant is sufficient to establish this element or cited
Willis v. Knox, 5 S.C. 474 (1875), for this proposition."  ECF No. 35 at 5.

[5] The court notes that Willis has been cited in ten other cases since 1875—the
most recent in 1907.  Lampley v. Atlantic Coast Line R. Co., 57 S.E. 1104 (S.C. 1907).

lower the evidentiary threshold required to meet the first element of a malicious

prosecution claim.  Consequently, on the first prong alone, Gillaspie's claim fails to

establish by a preponderance of the evidence that judicial proceedings were brought

against her.

However, even if the court found she met her evidentiary burden for the first

prong, Gillaspie faces hurdles on other elements.  For example, the second prong requires

legal causation by the present defendant (here, either the United States or the Navy).

Gillaspie alleges and relies upon Gunst's false accusation to support this prong.  See

Compl. ¶ 29.  But under South Carolina law, Gunst's motivations cannot be later imputed

to those of the investigating officers.  "For example, where there is an independent

investigation following a complaint, the causation between the complaint and the

prosecution is severed."  Richardson v. Rent-A-Center E., Inc., 2012 WL 171673, at *5

(D.S.C. Jan. 20, 2012).  Even if the issuance of a search warrant may constitute the

prosecution, the only alleged misbehavior prior to that warrant's issue came from Gunst,

not the investigating agents of the NCIS or DCIS.

Further, South Carolina law clearly establishes the third prong is only met when

there is a termination reflective of the merits—meaning, a finding for the defendant on

substantive grounds and not based solely on technical or procedural considerations.  Gecy

v. Somerset Point at Lady's Island Homeowner's Ass'n, Inc., 828 S.E.2d 73, 80 (S.C. Ct.

App. 2019); Jennings v. Clearwater Mfg. Co., 172 S.E. 870, 873 (S.C. 1934) (dismissing

criminal charges against a defendant); Elletson, 99 S.E.2d at 386 (exonerating a

defendant who had been charged with commission of a crime); McKenney v. Jack Eckerd

Co., 402 S.E.2d 887, 888 (S.C. 1991) (finding a favorable termination when previously

13

instituted criminal charges were <u>nol</u> <u>prossed</u> for reasons that imply or are consistent with innocence).  The later decision to not press charges, without ever bringing charges, cannot be construed as a decision on the merits.

The court reiterates that it could have stopped its analysis at the first prong after finding that the issuance of a search warrant does not satisfy the requirement of commencement of prosecution of proceedings against the plaintiff.  Nevertheless, the court finds that Gillaspie has failed to meet the second and third prongs of the test as well.  The court does not examine the remaining three prongs, finding that Gillaspie cannot meet her burden on the first three more than sufficient to hold that she has not pled facts necessary to state a claim for malicious prosecution.  <u>See</u> <u>Pallares</u>, 756 S.E.2d at 131.  Consequently, this court affirms the R&R and grants the motion to dismiss for failure to state a claim for malicious prosecution.

### 2.  Abuse of Process

Gillaspie also objects to the R&R's conclusion that she has failed to state a claim for abuse of process—instead, she argues that the facts taken in the light most favorable to her clearly suggest defendants' ulterior motive was retaliation for her prior complaints against superiors.  ECF No. 35 at 6.  Gillaspie further alleges that defendants used willful acts in their prosecution process, beginning with the fatally flawed search warrant and investigation, to destroy her career.  <u>Id.</u>  She argues that she should be permitted to investigate the alleged misconduct further through discovery, rather than have this claim dismissed for failure to state a claim since her claims are plausible.  <u>Id.</u> at 7.

Defendants reiterate their objections to these arguments, saying Gillaspie has not claimed any new facts sufficient to plausibly infer that the NCIS or DCIS agents acted

14

with an ulterior motive, and defendants agree with the R&R's conclusion that Gillaspie

has failed to state a claim.  ECF No. 36 at 7.  Moreover, defendants disagree with

Gillaspie's assertion that discovery would change anything because she already had

opportunity for extensive discovery through Gillaspie III—more so than an average

plaintiff—which in turn supports finding that issue preclusion prevents her pursuing this

claim.  Id. at 8–9.

The tort of abuse of process is intended to compensate a party for harm resulting

from another party's misuse of the legal system.  Pallares, 756 S.E.2d at 133.  The South

Carolina Supreme Court has noted the difference between malicious prosecution and

abuse of process: "[A] malicious prosecution consists in maliciously causing process to

be issued, whereas an abuse of process is the employment of legal process for some

purpose other than that which it was intended by law to effect—the improper use of a

regularly issued process."  Huggins v. Winn-Dixie Greenville, Inc., 153 S.E.2d 693, 695

(S.C. 1967).  Applied to Gillaspie's facts, the malicious prosecution claim examined the

facts underlying the initial issuance of a search warrant, whereas this abuse of process

claim examines the process followed in issuing that search warrant and during the

subsequent investigation.

The essential elements of abuse of process are: (1) an ulterior purpose, and (2) a

willful act in the use of the process that is not proper in the regular conduct of the

proceeding.  Pallares, 756 S.E.2d at 133.  First, an "ulterior purpose" exists if the process

is used to secure an objective that is "not legitimate in the use of the process."  Id.

(citation omitted).  Even so, an allegation that a party had a "bad motive" or an "ulterior

purpose" in bringing an action, standing alone, is insufficient to sustain an abuse of

15

process claim. Food Lion, Inc. v. United Food & Com. Workers Int'l Union, 567 S.E.2d

251, 255 (S.C. Ct. App. 2002). Further, if that person has an incidental or concurrent

motive of spite or merely seeks to gain a collateral advantage from the process the first

element is not satisfied. Id. at 255–56. Second, a "willful act" consists of three parts: (1)

a willful or overt act; (2) in the use of the process; (3) that is improper because it is either

(a) unauthorized or (b) aimed at an illegitimate collateral objective. Id. at 254 (citations

omitted). There is no cause of action for abuse of process as a result of merely causing a

valid subpoena to be issued where there is an entirely legitimate purpose. Rycroft v.

Gaddy, 314 S.E.2d 39, 33 (S.C. Ct. App. 1984).

   The court affirms the R&R's recommendation finding Gillaspie has not pled facts

sufficient to plausibly allege a claim for abuse of process. See R&R at 24–27. First,

Gillaspie alleges that retaliation motivated Gunst to accuse Gillaspie of a spurious crime,

but she has failed to plausibly show facts that impute this bias onto the NCIS and DCIS

agents when they executed the search warrant. See R&R at 27; Compl. ¶ 12–17.

Gillaspie alternatively points to Mullis's actions for this claim (i.e., Mullis threatening to

ruin Gillaspie's government career, testifying he believed Gillaspie was a criminal and

recommending her termination to SPAWAR, stating that "he would get 'his' justice

regarding [Gillaspie]"). See Compl. ¶¶ 22, 27. None of those facts provide more than an

"allusion to undefined bad faith," nor do they allege any particular act that was

unauthorized by the process. Stoudemire v. Branch Banking & Trust Bankcard Corp.,

2010 WL 3447325, at *3 (D.S.C. Aug. 2, 2010) (dismissing the plaintiff's abuse of

process claim). Without more, Gillaspie has failed to articulate how Mullis, or any of the

relevant actors, had the necessary "ulterior purpose." Even viewing these allegations in

16

the light most favorable to Gillaspie, the facts do not support a finding that the process

used on Gillaspie was an attempt to secure an objective that was not a legitimate use of

the process.  See Food Lion, 567 S.E.2d at 255.

Second, even if the court found Mullis's comments sufficient to meet that

standard—which this court does not—Gillaspie would still need to plead facts that either

show the action was unauthorized or aimed at an illegitimate collateral objective.  See id.

at 254.  If Mullis was convinced that Gillaspie was a criminal engaged in criminal

activities, then it would not be an illegitimate use of process for Mullis to use the

appropriate processes to seek to have her prosecuted—which is, in fact, a legitimate

purpose.  If anything, the facts alleged by Gillaspie demonstrate that the process, and its

chain of authority, worked because Gillaspie was not prosecuted by the AUSA, the

United States Attorney, or the Department of Justice.  See Compl. ¶ 23.  In fact, Gillaspie

was not prosecuted by any entity.  See generally id.  Accordingly, she has not pled facts

sufficient to adequately support a claim that an improper willful act occurred that is not

proper in the regular conduct of the proceeding.  See Pallares, 756 S.E.2d at 133.

Without more, Gillaspie has not adequately alleged facts that support an abuse of process

claim.

Consequently, the court affirms the R&R's recommendation that the court dismiss

Gillaspie's abuse of process claim for failure to state a claim.

### 3.    Statute of Limitations

Finally, Gillaspie objects to the R&R's finding that the abuse of process claim is

barred by the FTCA's statute of limitations.  ECF No. 35 at 1.  Because the court has

found that Gillaspie has not pled facts sufficient to support her abuse of process claim, an

examination of the statute of limitations, another bar to that claim, is unnecessary.

### IV.   CONCLUSION

For the foregoing reasons the court **AFFIRMS** the R&R and **GRANTS**

defendants' motion to dismiss.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 7, 2022**
**Charleston, South Carolina**